BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2744

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:08-cr-00427-MCE |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER RE: |
| v. ) | EXCLUSION OF TIME UNDER SPEEDY |
| ) | TRIAL ACT |
| LANA LE CHABRIER, ) | |
| ) | Date: October 21, 2010 |
| Defendant. ) | Time: 9:00 a.m. |
| _____) | Hon. Morrison C. England |

The above-referenced matter came on before the Court on September 9, 2010, for a hearing on the defendant's motion to sever. Following the Court's ruling on the motion, the matter was set for a status conference on October 21, 2010. Counsel for defendant Lana Le Chabrier objected to any exclusion of time under the Speedy Trial Act.

Earlier on September 9, the Court issued an Order (docket 239) in which it set a status conference for the co-defendants in this matter on October 21, 2010. In that Order, the Court excluded time from computation under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(7)(B)(iv) [Local Code T4] (reasonable time to prepare).

///

1

The Speedy Trial Act specifically excludes: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6). "Every circuit to consider this section has concluded that 'an exclusion to one defendant applies to all co-defendants.'" United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993). Recently, the Ninth Circuit held "in order to attribute a codefendant's excludable delay under § 3161(h)(7) to a defendant, the delay must meet the reasonableness requirement of § 3161(h)(6)."  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

As the Court is aware, a Superseding Indictment was returned in this case on May 20, 2010.  That Superseding Indictment added eight new defendants, multiple additional counts, and now covers three clinics which allegedly submitted over five million dollars worth of fraudulent claims to Medicare.  The government has produced well over 60,000 documents in discovery, as well as multiple video and audio recordings (many of which capture conversations in foreign languages).  The government submits that the exclusion of time granted the Le Chabrier's co-defendants through October 21, 2010, is a reasonable period of delay.

For the foregoing reasons, the government respectfully requests that Le Chabrier's objection to the further exclusion of time be noted for the record, but that time under the Speedy Trial Act, as it pertains to Le Chabrier, be excluded from computation pursuant to 18 U.S.C. §3161(h)(6) [Local Code R].
///

**O R D E R**

For then foregoing reasons, the Court finds that the exclusion of time granted to the co-defendants in the Order found at Docket No. 293 is a reasonable period of delay, that the interests of justice served by granting the continuance from today's date through October 21, 2010, outweigh the best interests of the public and the defendants in a speedy trial, and that time should be excluded from calculation under the Speedy Trial Act as to defendant Lana Le Chabrier from today's date through October 21, 2010.  18 U.S.C. § 3161(h)(6) (Local Code R).

IT IS SO ORDERED.

Dated: September 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE