**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorney for Defendant
Dr. Lana LeChabrier

# UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. Cr.S-08-00427-MCE |
| Plaintiff, | **ORDER RE MOTION TO EXTEND THE FILING DEADLINE FOR A MOTION FOR NEW TRIAL, PURSUANT TO FRCrP, Rule 33 (b)(2) AND FOR APPOINTMENT OF NEW COUNSEL** |
| vs. | |
| Dr. Lana LeChabrier, | |
| Defendant | |

I, Jan David Karowsky, declare under penalty of perjury, as follows:

I am the attorney for defendant, Dr. Lana LeChabrier, appointed by the Court pursuant to the Criminal Justice Act.

Dr. Lana LeChabrier, hereby moves the Court to extend the deadline established by FRCrP, Rule 33 (b)(2) which requires that "(A)ny motion for a new trial grounded on any reason

- 1 -

other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

On July 8, 2011, Dr. LeChabrier was found guilty by jury of two of the four counts alleged against her. During the course of the trial, on June 29, 2011, I moved for a continuance of the trial to be allowed to put on evidence from a questioned documents examiner whom I had hired, who was prepared to testify that many of the alleged signatures of Dr. LeChabrier, on Medicare applications, among other documents, appeared to be forgeries. The Court heard my argument and marked, as Court Exhibit number 821, a packet of documents I submitted, to demonstrate the timing of the hiring of the questioned documents examiner and a summary of his findings and conclusions.

Specifically, I was most interested in demonstrating to the jury that the purported signatures of Dr. LeChabrier on government's exhibits 414 and 414.1, were forgeries. These two exhibits pertained to the "Burbank" clinic which Dr. LeChabrier had informed me, she knew nothing of and had nothing to do with.

I wanted to demonstrate the forged signatures on these "Burbank" documents to further demonstrate the effort and extent to which Migran Petrosyan, Egiazarian, and others, went to deceive and dupe Dr. LeChabrier into believing her job as Medical Director was legitimate, and to further take advantage of her relative to their scheme to defraud Medicare. This argument was going to augment my argument of the effort the "true" conspirators had made to deceive Dr. LeChabrier relative to the taped phone call Dr. Titlebaum placed to Dr. LeChabrier, wherein he had been instructed by Egiazarian to attempt to fool Dr. LeChabrier that he was working for her, played to the jury by the government as Exhibit 144.

When the Court denied my request for a continuance to allow the testimony of my questioned documents examiner, my deception argument was dramatically undercut. In fact, the government went on to argue in its closing argument, that Dr. LeChabrier's protestation to FBI

1  Special Agent Jensen, that she refused to participate with Petrosyan after she begrudgingly
2  signed the third set of charts, was false. The government argued what I had feared, that Dr.
3  LeChabrier went on to "work" at the Burbank clinic, the government citing her signatures on the
4  two critical "Burbank" exhibits, government exhibits 414 and 414.1. I had wanted to
5  demonstrate that these "signatures" were actually forgeries but was prevented from doing so.

6  After explaining all of the above to Dr. LeChabrier, and the generality of the law of
7  bringing a motion for a new trial based on reasons other than newly discovered evidence, for
8  example, *United States v. Villalpando,* 259 F.3d 934, 939 (8th Cir. 2001 (new trial granted where
9  the defendant's counsel was ineffective in adducing testimony that defendant was threatening
10 and murderous), Dr. LeChabrier requested that a new trial motion be brought on her behalf and
11 that new counsel be appointed to determine the viability of such a motion.

12 I have no opposition to being substituted out as Dr. LeChabrier's attorney of record and
13 believe legally and ethically it is necessary to do so in order to zealously protect her rights.

14 Therefore, Dr. LeChabrier moves the Court to extend the 14 day deadline imposed by
15 FRCrP, Rule 33 (b)(1) to September 29, 2011, the date now set for sentencing, in order to allow
16 new counsel the time necessary to evaluate and/or bring a motion for new trial and further moves
17 to have me relieved as counsel of record and new counsel appointed for all purposes.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

I declare under penalty of perjury that the preceding is truce and correct. Executed July 12, 2011 at Sacramento, California.

                Jan Karowsky

                Respectfully submitted,

                JAN DAVID KAROWSKY
                Attorney at Law
                A Professional Corporation

                /s/ Jan David Karowsky

    by

                JAN DAVID KAROWSKY
                Attorney for Defendant
                Dr. Lana LeChabrier

## ORDER

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED** that the time to file a motion for new trial on behalf of Dr. LeChabrier is extended from the 14 day deadline imposed by FRCrP, Rule 33 (b)(1) to September 29, 2011. **IT IS FURTHER ORDERED** that attorney Jan David Karowsky is hereby relieved as counsel of record and new counsel shall be appointed forthwith for all purposes.

**IT IS SO ORDERED.**

**Date: 7/15/2011**

                MORRISON C. ENGLAND, JR
                UNITED STATES DISTRICT JUDGE