BENJAMIN B. WAGNER
United States Attorney
PHILIP FERRARI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2744
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NOS. 2:08-0427 MCE EFB |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER FINDING A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE, AND REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| LANA LECHABRIER, | |
| Defendant. | |

The Court has reviewed the government's Motion for an Order Finding a Waiver of the Attorney-Client Privilege and Request for Discovery Pursuant to 28 U.S.C. § 2255, and has reviewed the specific claims of alleged ineffectiveness of former counsel, Jan Karowsky, Esq., and Kresta Daly, Esq., raised by defendant Lana LeChabrier ("LeChabrier") in her Motion to Vacate, Set Aside, or Correct her Sentence ("Section 2255 motion"). Docket, # 928. After reviewing the filings, the authorities cited in the government's motion, and relevant portions of the record in this case, the Court HEREBY FINDS that:

    1.    In order to resolve certain of LeChabrier's claims of ineffectiveness of counsel, the Court must determine whether counsels' assistance was reasonable considering all of the circumstances. See Strickland v. Washington, 466 U.S. 668, 689 (1984).

    2.    LeChabrier has put the nature of her attorney-client relationship with Mr. Karowsky and Ms. Daly and its associated privileges at issue in these proceedings as contemplated by

Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).

3. Based on the present record, LeChabrier has waived her attorney-client privilege as to all communications with Mr. Karowsky relating to the following topics: (1) any and all communications with LeChabrier concerning the charges in the Superseding Indictment including if possible when those discussions occurred; and (2) any and all communications with LeChabrier concerning the discovery produced by the government and the government's anticipated evidence at trial.

4. Based on the present record, LeChabrier has waiver her attorney-client privilege as to all communications with Ms. Daly relating to the following topics: the decision to file an appeal with the Ninth Circuit; the fact that the appeal was filed and its content; the progress of the appeal including the scheduling and holding of oral argument;, and the fact that the Ninth Circuit issued a ruling and the content and consequences of its decision.

5. Rule 6 of the Rules Governing Section 2255 Proceedings authorizes the United States to conduct discovery in order to respond to a motion made pursuant to 28 U.S.C. § 2255 if the Court finds "good cause" to conduct such discovery. See Rules 6(a)-(b) of the Rules Governing Section 2255 Proceedings.

6. The types of discovery authorized by Rule 6 include interrogatories, requests for admission, requests for production of documents, and depositions. See Rules 6(b) of the Rules Governing Section 2255 Proceedings. However, the government presently seeks discovery only in the form of declarations of Mr. Karowsky and Ms. Daly addressing the allegations in LeChabrier's Section 2255 motion. The government requests leave to make further requests for discovery under Rule 6 after review of counsels' declarations.

7. The government has shown good cause to seek the requested discovery for the reasons stated in its motion. In essence, the factual information that the government seeks from LeChabrier's former counsel is relevant for a full evaluation of the factual assertions contained in her Section 2255 motion, and the government has no other way of responding to LeChabrier's factual assertions.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The government's Motion for an Order Finding a Waiver of the Attorney-Client Privilege is GRANTED. Defendant Lana LeChabrier has waived her attorney-client privilege as to communications with her former counsel, Jan Karowsky, Esq., and Kresta Daly, Esq., that relate to the claims she raises in her pending Section 2255 motion.

2. The government's Request for Leave to Conduct Discovery Pursuant to 28 U.S.C. § 2255 is GRANTED. Mr. Karowsky and Ms. Daly may provide the government with declarations addressing LeChabrier's allegations in her § 2255 motion on the topics identified earlier in this order, and if they provide the declarations, they shall do so within 35 days of the filing of this order.

3. If, after reviewing the declarations, the government believes that in fairness it needs and is entitled to additional discovery pursuant to Rules 6(a)-(b) of the Rules Governing Section 2255 Proceedings — or if counsel do not provide the declarations — the government may file an additional request for discovery and proposed discovery requests/notices that meet the requirements of Rule 6(b) of the Rules Governing Section 2255 Proceedings. The government shall file such a request within 45 days of the date of this order.

4. If the government does not make a further request for discovery, it shall file its answer to the Section 2255 motion within 60 days of the filing of this order.

5. Any privileged communications or materials turned over by counsel to the government during discovery shall only be used for the purpose of litigating the claims raised in LeChabrier's pending motion.

6. LeChabrier may preserve the confidentiality of privileged communications with her former defense counsel by choosing to abandon the claims that give rise to the waiver condition. Any such abandonment must be promptly done in writing and filed with this Court.

IT IS SO ORDERED.

Dated: July 22, 2015

HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[Proposed] Order Granting Mot. for Finding Waiver of
Attorney-Client Privilege & Req. for Discovery

3